United States District Court
Southern District of Texas
**ENTERED**
August 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Angel Medina, § | | |
|    *Petitioner*, § | | |
| § | | |
| v. § | Civil Action 4:22-CV-3185 | |
| § | | |
| Bobby Lumpkin, § | | |
| Director, Texas Department § | | |
| of Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|    *Respondent*. § | | |

### Memorandum and Recommendation

Angel Medina, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2019 state court conviction for aggravated sexual assault of a child. ECF No. 1. The respondent, Bobby Lumpkin, has moved to dismiss on the ground that the petition is barred by the governing one-year statute of limitations. ECF No. 6. Medina has not responded, and the time to do so has expired. The court recommends that the respondent's motion to dismiss be granted and Medina's petition be dismissed with prejudice as time-barred.

### I.   *Procedural Background*

Medina is in custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ) as the result of a state court conviction in the 184th District Court of Harris County, Texas (Cause No. 1588954). ECF No. 7-1 at 119–20. Medina was charged by indictment with the felony offense of continual sexual abuse of a child under fourteen years of age. *Id.* at 115. Pursuant to a plea agreement, the State moved to reduce the charge to aggravated sexual assault of a child. *Id.* at 102–04.

Medina entered a plea of guilty, without an agreed recommendation on punishment. *Id.* at 102–03, 119–20. Following a presentence investigation and punishment hearing, the trial court sentenced Medina to a forty-year prison term on October 24, 2019. *Id.* at 119–20. Medina filed a motion for new trial, which the trial court denied on December 6, 2019. *Id.* at 118. He waived his right to appeal. *Id.* at 102, 113.

On October 30, 2020, Medina filed a state application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, collaterally challenging his conviction. *Ex parte Medina*, Application No. WR-92,551-01. On March 2, 2022, the Texas Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court and on the court's independent review of the record. *Id.*

Medina filed his federal petition for writ of habeas corpus on September 16, 2022. ECF No. 1. In two grounds for relief, Medina contends that he received ineffective assistance of trial counsel and that his guilty plea was unknowing and involuntary. *Id.* at 6, 8. The respondent moves for dismissal, arguing that Medina's petition is time-barred. ECF No. 6.

## II. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Medina challenges a state court conviction, the limitations period for his claims began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Medina's conviction became final on January 22, 2020, when his time to file a direct appeal expired. *See* Tex. R. App. P. 26.2(a) (notice of appeal must be filed within 30 days after the day sentence is imposed or within 90 days after the day sentence is imposed if the defendant timely files a motion for new trial). That date triggered the limitations period, which expired one year later—on January 22, 2021. Medina did not file this federal petition until September 16, 2022. Therefore, review of his claims

3

is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. Medina's state habeas application, filed on October 30, 2020, and denied on March 2, 2022, tolled the limitations period for 489 days. Thus, Medina's federal petition was due on or before May 26, 2022. Because Medina did not file his federal petition until September 16, 2022, it was nearly four months late.

No other AEDPA provision applies to extend the limitations period. Medina does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action, and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. Nor do any of Medina's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Finally, Medina fails to show that the untimeliness of his petition should be excused under any established equitable exception. The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v.*

4

*Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Medina fails to allege, let alone prove, the existence of exceptional circumstances. Nor does he demonstrate that he diligently pursued relief. Medina let more than nine months pass after his conviction became final before he first sought to file a state habeas application. He then waited an additional six months after the Court of Criminal Appeals denied his state habeas application to seek federal review. Under these circumstances, Medina fails to demonstrate that he is entitled to equitable tolling.

## III.  *Conclusion and Recommendation*

The court recommends that the respondent's motion to dismiss be granted and that Medina's federal habeas corpus petition be dismissed with prejudice. The court further recommends that a certificate of appealability not issue.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for

plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 3, 2023.

_____
Peter Bray
United States Magistrate Judge